**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Joseph Weiler, | No. CV-25-01556-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

This is an action under the Federal Tort Claims Act ("FTCA") brought by Ronald Joseph Weiler ("Plaintiff"). The complaint alleges that Plaintiff was subjected to various forms of medical malpractice when being treated by doctors employed by the Department of Veterans Affairs. (Doc. 13 at 3 ["This is a medical negligence action where Plaintiff Ronald Weiler was erroneously diagnosed with systolic heart failure, underwent an unnecessary cardiac procedure and was placed in Hospice care due to an admitted 'mix up' by Defendant of Plaintiff's echocardiogram results with the results of another patient."].)

On October 1, 2025, at the government's request, this action was stayed due to a lapse in appropriations. (Docs. 18, 19.) On November 20, 2025, while the stay was still in effect, the government filed a "suggestion of death" indicating that Plaintiff had died. (Doc. 21.) On December 23, 2025, the Court lifted the stay in light of the resumption of government activities. (Docs. 20, 22.)

After the stay was lifted, the parties filed a stipulation under Rule 6(b) to set and/or extend various deadlines. (Doc. 23.) Among other things, the parties stipulated to a

deadline of February 18, 2026 for Plaintiff's counsel to file a motion to substitute parties. (*Id.*) The Court granted the parties' stipulation. (Doc. 24.)

The next activity in this case occurred on February 20, 2026, when the government filed a motion to dismiss. (Doc. 25.) In its half-page motion, the government argues that dismissal is mandatory under Rule 25(a) because Plaintiff's counsel failed to file a timely substitution motion. (*Id.*) Plaintiff's counsel, in turn, filed a motion for an extension of the substitution deadline: "Counsel recognizes that the deadline to file the substitution was February 18, 2026, and takes full responsibility for missing this date and not seeking an extension beforehand. Counsel was waiting for the appointment of the personal representative of Mr. Weiler's estate to substitute the parties, as well as move for leave to file a first amended complaint. In the interim, Counsel inadvertently missed calendaring the deadline. Counsel makes no excuses. Counsel respectfully asks this error not be held against Mr. Weiler so that his case can continue through resolution on its merits." (Doc. 26 at 1.) The government has now filed an objection to this extension request (Doc. 27) and Plaintiff's counsel has filed a reply (Doc. 28).

As background, Rule 25(a) provides: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Much of the parties' dispute turns on the meaning of the word "must" in the final sentence of Rule 25(a). The government contends that because Rule 25(a) states that an action "must" be dismissed if a motion to substitute is not filed within 90 days of when a suggestion of death is filed, Rule 25(a) should be interpreted as creating a hard-and-fast deadline that cannot be extended for any reason. (Doc. 25 at 1 ["No motion for substitution of parties was made within 90 days after the Suggestion was filed, or otherwise on or before the February 18, 2026 deadline imposed by the Court to substitute parties. Thus, Defendant United States moves to dismiss this action with prejudice."]; Doc. 27 at 2 ["[T]he United States wishes to make clear that it

- 2 -

believes and acknowledges that a failure by opposing counsel to calendar a deadline is generally protected by the 'excusable neglect' doctrine, since failing to calendar a deadline can sometimes occur to even the most of careful of attorneys.  However, Rule 25 is not permissive . . . [and] eliminates discretion to extend the time."].)  Plaintiff's counsel disagrees, arguing that "[c]ourts in this District and across the Ninth Circuit have repeatedly held that Rule 6(b) works in conjunction with Rule 25 and allows extensions to the deadline for substitution."  (Doc. 28 at 1-2.)

Plaintiff's counsel has the better of this argument.  The Ninth Circuit has specifically held that Rule 25(a)'s "90-day deadline may be extended by Rule 6(b), including after its expiration if the party failed to act due to excusable neglect.  Rule 6(b) works in conjunction with Rule 25(a)(1) to provide the intended flexibility in enlarging the time for substitution." *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1094 (9th Cir. 2017) (cleaned up). *See generally* 1 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, § 25.13 (June 2025 update) ("The 90-day deadline is not as rigid as the text of the rule suggests, however, because the court may extend the 90-day period pursuant to Federal Rule of Civil Procedure 6(b).  The court may extend the period for cause before it expires or for excusable neglect after it expires.  Although the lawyer for the deceased party may not file the substitution motion itself, the lawyer may file a motion to extend the 90-day period where no representative or successor party has been determined.").  Moreover, the government makes no effort to reconcile its position with the fact that it previously filed a stipulation to set the substitution deadline—a stipulation that, under the logic set forth in the government's objection, would have been invalid on its face had it attempted to extend the substitution deadline.[1]  The bottom line is that the 90-day deadline contemplated by

---

[1]    The suggestion of death was filed on November 20, 2025 (Doc. 21), and 90 days after that date is February 18, 2026.  It therefore appears that the parties' stipulation to set February 18, 2026 as the deadline for filing a substitution motion (Doc. 23) was not meant to extend the otherwise-applicable deadline but simply to reiterate it.  With that said, the Court notes that the parties' stipulation may have had the unintended effect of shortening the otherwise-applicable deadline.  At the time the suggestion of death was filed, this case was stayed in its entirety.  (Doc. 19.)  The stay was not lifted until December 23, 2025 (Doc. 22), and the usual rule is that all case deadlines are tolled while a case is stayed.  Assuming that rule was applicable here, the 90-day period contemplated in Rule 25(a) would not have commenced until December 23, 2025 and thus the deadline would have

Rule 25(a) may be extended, including based on a showing of excusable neglect.

Turning to the merits of Plaintiff's counsel's extension request premised on excusable neglect, the term excusable neglect encompasses circumstances beyond the party's control as well as "cases of negligence, carelessness and inadvertent mistake." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000). Courts assessing whether neglect is "excusable" must consider four factors: "[1] the danger of prejudice to the [non-moving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 365 (1993). Although the *Pioneer* factors are "not an exclusive list," they "provide a framework" for the determination. *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381-82 (9th Cir. 1997). No single factor is determinative. *Id.* at 382 n.2. "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395.

Here, the *Pioneer* factors counsel in favor of a finding of excusable neglect. As Plaintiff's counsel persuasively explains: "First, Defendant will not suffer any prejudice by extending the deadline to substitute the parties. That Defendant's Motion to Dismiss does not raise any prejudice concerns further suggests that Defendant does not believe prejudice will result. Second, the delay at issue is fairly minimal—six days (four business days)—and well within the range found to constitute excusable neglect in both routine and more egregious cases. . . . Third, Plaintiff did not intentionally delay filing this Motion or a motion to substitute the parties. Counsel made a genuine, inadvertent mistake in missing the deadline. Fourth, Plaintiff did not act in bad faith. Following Mr. Weiler's death, Counsel worked to evaluate how Mr. Weiler's claim could proceed, including facilitating the opening of a probate matter to appoint Mr. Weiler's son as the personal representative

been March 23, 2026. In that scenario, Plaintiff's extension request would have been filed before expiration of the presumptive Rule 25(a) deadline.

- 4 -

of his estate.  Counsel intended to timely substitute the parties and move to amend the complaint once the personal representative was appointed, yet missed calendaring the deadline." (Doc. 26 at 5-6.)  Notably, the government does not dispute any of these points in its objection.  Instead, the government simply identifies various reasons (including a lack of administrative exhaustion) why it believes it will ultimately prevail in this action should substitution be allowed.  (Doc. 27 at 2-10.)  But those arguments are premature and do not provide a basis for rejecting the narrow request at issue here—*i.e.*, a request to extend the deadline for filing a substitution motion.

Accordingly,

**IT IS ORDERED** that:

1.    The government's motion to dismiss (Doc. 25) is **denied**.

2.    Plaintiff's counsel's extension request (Doc. 26) is **granted**.

3.    The new deadline to file a motion to substitute is **April 3, 2026**.

Dated this 20th day of March, 2026.

Dominic W. Lanza
United States District Judge